UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DANIEL COLE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:11-CR-113-TAV-HBG |
| | ) | 3:14-CV-478-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Petitioner, Daniel Cole ("Cole"), pursuant to a plea agreement [Doc. 31], was convicted in this case of eleven felony counts, including conspiracy to distribute methamphetamine and oxycodone [Doc. 99].[1] The conviction also included firearms offenses. The Court sentenced Cole to 495 months in prison [Doc. 992].[2] The Court of Appeals for the Sixth Circuit affirmed the conviction and sentence [Doc. 138]. The Supreme Court denied certiorari [Doc. 141].

Now before the Court is Petitioner's § 2255 Motion, which alleges two claims of ineffective assistance of counsel [Doc. 147]. The Government responded in opposition [Doc. 153].

**I.  STANDARD OF REVIEW**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief under § 2255, a petitioner must establish: "(1) an error of constitutional

---

[1] All citations to the record are found on the docket of case no. 3:11-CR-113-TAV-HBG.

[2] The Court later reduced Cole's sentence to 468 months imprisonment [Doc. 191].

magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire processing invalid." *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (internal quotations omitted). In other words, petitioner cannot prevail unless he shows a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Under this standard, a petitioner "must clear a significantly higher hurdle [to obtain relief] than would exist on direct appeal." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy") (internal citation omitted).

Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant

2

setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

Cole alleges two claims of ineffective assistance of counsel. First, that counsel allowed Cole to sign a plea agreement while Cole was in drug withdrawals, and therefore, allegedly could not understand what he was doing. Second, that counsel did not adequately prepare Cole for a proffer/cooperation interview by the government. The Court will address each of these claims in turn.

### A. Petitioner's Guilty Plea Was Knowing And Voluntary

Petitioner alleges that counsel failed to adequately explain the plea agreement and just "instructed [petitioner] to sign the plea agreement" while petitioner was experiencing symptoms of drug withdrawal, such that petitioner "was in no position to understand what pleading guilty would mean" [Doc. 147-1, Affidavit of Cole at ¶ 4]. The Government states that Cole was arrested on September 13, 2011, and that he signed the plea agreement on September 30, 2011. Cole, however, did not appear in Court and enter his guilty plea until October 17, 2011. The Government argues that even if Cole had been experiencing withdrawal symptoms at the time he signed the plea agreement, he has not alleged, much less established, that he was still under the influence of oxycodone or methamphetamine at the time of the plea colloquy. The Court agrees.

The Court specifically inquired, during the plea colloquy, whether Cole understood what was happening, and Cole swore under oath that he did [Doc. 133, Plea Tr. at 4]. Cole's attorney added that he considered the Petitioner competent to enter a plea of guilty to the charged offenses. Cole also said he had told counsel everything he knew about the case, and

that counsel had advised him regarding the nature and meaning of the charges, the elements of the offenses, the statutorily-authorized penalties, any possible defense(s), and the terms of the plea agreement. *Id.* at 5–6. Cole said that he was satisfied with the advice that counsel had given to him and that he understood the rights he was giving up by pleading guilty. *Id.* at 6–9. The Court specifically asked Cole whether "any person . . . [had] put any pressure on [him], mental or physical, to force [him] to plead guilty," and he answered, "no." *Id.* at 7. After the charged offenses, their elements, and the statutory penalty range were read, as well as the factual basis in the plea agreement, Cole testified that he understood the penalties and agreed with the factual basis. *Id.* at 9–21. Cole also testified that he was pleading guilty because he was, in fact, guilty. *Id.* at 22. The Court determined that Petitioner's plea was knowing, intelligent, and voluntary, stating:

> The Court has observed the appearance of this Defendant and his responses to the questions asked. Based upon these observations and answers, the Court finds the Defendant, Daniel Cole, also known as Dan-Dan, also known as Talbott, is in full possession of his [faculties] and is competent to plead guilty.
>
> The Defendant is not under the influence of narcotics or other drugs or alcohol, the Defendant knowingly waives his constitutional right to trial and other rights [afforded] to the person accused of crime.
>
> The factual basis for the guilty plea has been established, and the Defendant understands the nature and elements of the offenses to which the plea is offered and the maximum and minimum penalties provided by law for the offenses. The Defendant has offered to plead guilty knowingly and voluntarily.

*Id.* at 24–25.

"Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and a petitioner is bound by his statements where, as here, the Court has followed the required procedure under Rule 11, *Baker v. United States*, 781 F.2d

4

85, 90 (6th Cir. 1986) (internal citation and quotation marks omitted); *accord United States v. Rennick*, 219 F. App'x 486, 488–89 (6th Cir. 2007).

### B. Counsel Was Not Ineffective With Regard To A Proffer

Petitioner's counsel at the plea and sentencing filed an affidavit in support of the present motion. In the affidavit, he explained that he advised Cole to plead guilty and cooperate with the United States [Doc. 147-2, Affidavit at ¶ 3 (stating that Cole's "best chance for a life outside of prison," since he was 52 years old when indicted and would be subject to significant statutorily-mandated penalties, was to plead guilty pursuant to a cooperation plea agreement and attempt to render substantial assistance, with the goal of having the United States file a motion for a downward departure under 18 U.S.C. § 3553(e))].

When the time came to cooperate, however, Cole chose not to do so. Cole's attorney conceded that the interview, or proffer session, "went very poorly." He characterized Cole as "intelligent" but untruthful. As a result, the proffer was unsuccessful.

Petitioner now claims that his attorney was ineffective for not forcing him to be truthful and forthcoming in the proffer meeting. In his affidavit, Cole's attorney advances the same theme, essentially claiming that he should have done more to prepare Cole to actually cooperate. Cole's attorney speculates that if Cole had cooperated, as he agreed to do in his plea agreement, Cole would have received a substantial-assistance motion from the government [Doc. 147-2, Affidavit at ¶ 7].

The Court finds that this claim is without merit. The government determines whether a defendant has rendered substantial assistance and whether to file a downward-departure motion under 18 U.S.C. § 3553(e). The law is well-settled that "the government [has] a power,

5

not a duty, to file a motion [for downward departure] when the defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185 (1992). The government argues that only after hearing the information known to Cole would the government have been able to assess whether Cole's disclosure of that information amounted to substantial assistance. The Court agrees. The Court stated at sentencing that Cole did not show that "the information provided [or that could have been provided] would assist law enforcement" [Doc. 134, Sent. Tr. at 27]. The Court must conclude that the decision not to cooperate fully, completely, and truthfully, when clearly given the opportunity to do so and after he had agreed to do so, is not ground for relief.

## II.  CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. A Judgment will enter **DENYING** the Motion [Doc. 147].

ENTER:

s/ Thomas A. **Varlan**
CHIEF UNITED STATES DISTRICT JUDGE