UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 3:11-CR-113-TAV-HBG-1 |
| DANIEL COLE, | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is defendant's *pro se* motion to reopen the time to to file an appeal or alternatively for extension of time to file a notice of appeal from this Court's Memorandum Opinion and Judgment dismissing defendant's § 2255 motion [Doc. 212]. Defendant asserts that it was over a year before he received a copy of this Court's memorandum opinion [Doc. 197], and therefore asks for permission to file an out of time appeal under Federal Rule of Appellate Procedure 4(a)(5) or (a)(6) [Doc. 212].

In its memorandum opinion denying defendant's § 2255 motion, the Court considered on the merits defendant's arguments that his counsel's assistance was ineffective [Doc. 197]. The Court rejected defendant's claims, finding that his guilty plea was knowing and voluntary, and that his counsel was not ineffective with regard to a proffer.

Even if defendant's untimeliness is excusable, he nevertheless cannot appeal for lack of a certificate of appealability. A certificate of appealability will issue only when a defendant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). When a claim has been dismissed on the merits, a substantial showing is made if jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong, or if jurists could conclude the issues raised are adequate to deserve further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court notes that in its Order denying defendant's § 2255 it stated:

> If Petitioner files a notice of appeal from this judgment, such notice of appeal will be treated as an application for a certificate of appealability which is DENIED pursuant to 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b) because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24 that any appeal from this judgment by Petitioner would be frivolous and not taken in good faith.

[Doc. 198].

Because this Court has already decided that defendant is unable to make a substantial showing of the denial of a constitutional right based on the merits, his motion to reopen the time to file an appeal or alternatively for extension of time to file an appeal is **DENIED**. Should defendant wish to challenge this Court's ruling, or apply for leave to file a second § 2255 motion, those requests are properly made to the Sixth Circuit. *See* 28 U.S.C. §§ 2244(b), 2253(c), 2255(h).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE