UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:11-CR-113-TAV-JEM-1 |
| | ) | |
| DANIEL COLE, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on Attorney Davis's status report filed in response to the Court's show cause order [Doc. 250]. As background, on December 18, 2023, defendant filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 239]. In February 2024, the Federal Defender Services of Eastern Tennessee moved the Court to relieve it from representation in this matter, under Standing Order 21-09, due to a conflict of interest, and appoint attorney Laura Davis to handle the compassionate release litigation [Doc. 241]. On April 16, 2024, the Court granted this motion and appointed Attorney Davis to this matter [Doc. 242]. The Court ordered Attorney Davis to, within 60 days, file either a motion for compassionate release, a notice indicating that no supplement will be filed, or a motion asking for additional time to investigate [*Id.*]. That deadline expired on June 17, 2024, and Attorney Davis did not file a motion for compassionate release, a notice that no supplement would be filed, or a motion for an extension of time.

However, on June 29, 2024, Attorney Davis filed a motion to hold this case in abeyance due to personal circumstances [Sealed Doc. 247]. In that motion, Attorney Davis asked the Court to "hold this case in abeyance until September 3, 2024" and stated that she "hopes to make a submission to the Court before that day, but thinks it prudent and reasonable to expect to be current in all cases by September 3" [*Id.*]. On July 15, 2024, the Court granted that motion and provided counsel until September 3, 2024, to file a motion for compassionate release, a notice that no supplement will be filed, or a motion for additional time [Doc. 248].

September 3, 2024, came and went, and Attorney Davis again failed to meet the Court's deadline. Indeed, between the Court's grant of Attorney Davis's motion in July 2024 and May 2025, *a period of almost 10 months*, Attorney Davis filed nothing in this matter. As a result, on May 6, 2025, upon a *sua sponte* review of the record, the Court ordered Attorney Davis to show cause as to why she had not complied with the Court's Order [Doc. 248] to file either a motion for compassionate release, a notice indicating that no supplement will be filed, or a motion for additional time [Doc. 249].

In apparent response to the show cause order, Attorney Davis filed a document titled "Status," in which she states that she has "received updated medical records from three of five healthcare providers treating" defendant's wife and "[t]he rest are anticipated to arrive soon" [Doc. 250]. Attorney Davis states that she "anticipates filing a petition with this Court within the next 45 days" [*Id.*].

2

As this Court and others have repeatedly explained, "deadlines are important things. And when the Court establishes deadlines, the parties are obliged to follow them. If a party attempts to file an untimely motion, the Court will not blithely grant it without considering the reasons for the delay." *Century Indemnity Co., v. Begley Co.*, 323 F.R.D. 237, 239 (E.D. Ky. 2018); *see also A.T. by and through B.G. v. Cleveland City Schools Bd. of Educ.*, No. 1:22-cv-110, 2024 WL 4333685, at *2 (E.D. Tenn. Sept. 27, 2024); *Maggard v. Brookville Servs.*, No. 3:22-cv-69, 2023 WL 11760890, at *5 (E.D. Tenn. Sept. 27, 2023); *Barkley v. Nationwide Agribusiness Ins. Co.*, No. 2:22-cv-4458, 2023 WL 5198755, at *2 (S.D. Ohio Aug. 14, 2023). And, as the Court noted in its show cause order [Doc. 249], Attorney Davis allowed *more than eight months* to elapse after the Court's deadline expired, and took no action on the record.

Now, in response to the Court's show cause order, which directed Attorney Davis to "SHOW CAUSE IN WRITING as to why she has not complied with the Court's order [Doc. 248] to file either a motion for compassionate release, a notice indicating that no supplement will be filed, or a motion for additional time" [Doc. 249], Attorney Davis simply files a three-sentence document which does not address why she failed to comply with the Court's order for such an extended period of time [Doc. 250]. Moreover, Attorney Davis's response *still* does not comply with the Court's prior order, as, while she indicates that she "anticipates filing a petition with this Court within the next 45 days," she does not move for an extension of Court's deadline for filing [*See id.*].

3

Accordingly, within **five (5) days** of the date of this Order, Attorney Davis is **ORDERED** to file a motion for compassionate release, notice of no intent, or motion for extension of time, in compliance with the Court's prior order [Doc. 248].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE